UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        Case No. 11-CR-20430
                                                    Judge Mark A. Goldsmith

v.

CASTLE DEKEMANES JACKSON,
      a/k/a "Waverly Trouser"

       Defendant.
_____/

## STIPULATION AND ORDER ON MOTIONS IN LIMINE

The United States of America and defendant, CASTLE DEKEMANES JACKSON a/k/a Waverly Trouser, through respective counsel, hereby stipulate and agree to the following:

On February 11, 2013, the parties met for a status conference/motion hearing as to CASTLE DEKEMANES JACKSON a/k/a Waverly Trouser.  The Court ruled on those motions and scheduled another hearing for February 14, 2013, at 2:30 p.m. to address jury instructions and proposed voir dire questions.  The Court granted, in part, and denied, in part, defendant's Motion in Limine to Strike or Redact Alias from the Indictment. (R. 43). The Court ruled that the existing Indictment remain unchanged; however, any documents submitted to the jury will contain the name Waverly Trouser, not Castle Dekemanes

Jackson. The Court ruled the government will advise witnesses to use the name Waverly Trouser, but if a response to a question elicits the need to mention the name Castle Jackson, then the witness will pause so the Court is able to address the issue outside of the jury's presence.

The Court denied defendant's Motion in Limine for Order Compelling Government to Stipulate to Fact that He is a Previously Convicted Felon. (R. 44). Before the hearing, the parties agreed, and so stipulated, that as of the date of the firearm offense charged in count one of the Indictment, the defendant had been convicted of an offense that was punishable by a term of imprisonment exceeding one year and that this conviction prohibited him from possessing a firearm pursuant to 18 U.S.C. § 922(g)(1), and that his right to possess firearms had not been restored to him as of the date of the charged offense.

The Court granted, in part, and denied, in part, defendant's Motion in Limine for Disclosure of *Brady* Materials. (R. 45). The Court denied defendant's request for items one through five as moot because the parties resolved those issues before the hearing. The government complied with item 6 of the discovery request and is under a continuing duty to disclose any *Giglio* concerns for Trooper Skrbec and Trooper Kane. The Court granted defendant's request for listed items seven and eight. The Court requested that the government to seek additional information from the Michigan State Police regarding

those items and then write a letter to defense counsel with the findings. The Court denied defendant's request for items 9 through 12 for being outside the parameters of Rule 16. The Court granted defendant's request for items 13 and 14. The Court asked the government to obtain additional information then write a letter to defense counsel with the findings.

      The Court granted the government's Motion in Limine to Preclude Defendant from Arguing the Validity of the Traffic Stop.

BARBARA L. McQUADE
United States Attorney

| | |
|---|---|
| s/Libby Kelly Dill | s/Paul D. Muller   (with consent) |
| Assistant U.S. Attorney | Attorney at Law |
| 101 First St. Bay City, MI 48708 | PO Box 606, Farmington, MI 48332 |
| Phone:  (989) 895-5712 | Phone: (248) 477-0215 |
| Email: libby.dill@usdoj.gov | Email: pauldmuller@earthlink.net |
| Bar No.:  P-71276 | Bar No.:  P18064 |
| Dated: February 12, 2013 | Dated: February 13, 2013 |

s/Christopher Rawsthorne
Assistant U.S. Attorney
600 Church St., Ste. 200
Flint, MI 48502
Telephone: (810) 766-5177
christopher.rawsthorne@usdoj.gov
Wisconsin Bar No. 1059889
Dated: February 12, 2013

## ORDER ON MOTIONS IN LIMINE

Based on the foregoing stipulation by the parties,

IT IS ORDERED that a hearing for proposed voir dire and jury instructions will be held on **February 14, 2013, at 2:30 p.m**.

IT IS FURTHER ORDERED that defendant's Motion in Limine to Strike or Redact Alias from the Indictment is granted, in part, and denied, in part. The Indictment shall remain intact; however, the jury will only receive documents containing the name Waverly Trouser, and the witnesses will be advised to use the name Waverly Trouser in front of the jury.

IT IS FURTHER ORDERED that defendant's Motion in Limine for Order Compelling Government to Stipulate to Fact that He is a Previously Convicted Felon is denied as moot.

IT IS FURTHER ORDERED that defendant's Motion in Limine for *Brady* Materials is denied, in part, and granted in part. The Court denies discovery item requests 1 through 5 as moot, and 9 through 12 for being outside the parameters of Rule 16. The Court grants defendant's request for items 7, 8, 13 and 14; the government shall provide defense counsel with a letter of the findings.

IT IS FURTHER ORDERED that the government's Motion in Limine to Preclude Defendant from Arguing the Validity of the Traffic Stop is granted.

SO ORDERED.

Dated: February 20, 2013            s/Mark A. Goldsmith
      Flint, Michigan                MARK A. GOLDSMITH
                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 20, 2013.

                                                      s/Deborah J. Goltz
                                                      DEBORAH J. GOLTZ
                                                      Case Manager